

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

November 15, 2004

John Salsberg, Esq.
Salsberg & Schneider
95 Commercial Wharf
Boston, MA 02110

>   Re:  United States v. Juan Montero,
>        <u>Criminal Case No. 03-10349-WGY</u>

Dear Mr. Salsberg:

   This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney" or "the government") and your client, Juan Montero a/k/a "Hector Guerra" a/k/a "Nelson Morales" a/k/a "Ismael Maldonado" a/k/a "Chacho" ("Defendant"), in the above-captioned case. The Agreement is as follows:

   1.   <u>Change of Plea</u>

   At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Superseding Information. The Superseding Information charges him with conspiracy to import MDMA, in violation of 21 U.S.C. § 963 (Count One); and importation of MDMA, in violation of 21 U.S.C. § 952(a) (Count Two). The Superseding Information also includes a finding that Defendant is accountable for at least two kilograms, but less than six kilograms, of a mixture or substance containing a detectable amount of MDMA (meaning that USSG §2D1.1(c)(4) applies) and that Defendant was a manager or supervisor (but not an organizer or leader) of criminal activity involving five or more participants (meaning that USSG §3B1.1(b) applies).

   Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in Counts One and Two of the Superseding Information and is in fact guilty of those offenses. Defendant also expressly

and unequivocally admits that he is accountable for at least two kilograms, but less than six kilograms, of a mixture or substance containing a detectable amount of MDMA, and that he was a manager or supervisor (but not an organizer or leader) of criminal activity involving five or more participants.

Defendant is familiar with the Supreme Court's decisions in Blakely v. Washington, 542 U.S. ____ (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000). Notwithstanding those decisions, Defendant agrees to waive all constitutional challenges to the validity of the United States Sentencing Guidelines ("Guidelines"); agrees to have his sentence determined by the Court pursuant to the Guidelines under the preponderance of evidence standard; and waives any claim he might have that the facts that determine his Guidelines sentencing range (including facts that support any specific offense characteristic, specific offender enhancement, other upward adjustment, and Defendant's criminal history category) should be alleged in an indictment or information and found by a jury beyond a reasonable doubt.

2.   Penalties

Defendant faces the following maximum penalties on each count: a twenty year term of imprisonment, a fine of $1,000,000.00; a mandatory minimum three-year term of supervised release and a maximum life term of supervised release; and a $100.00 special assessment.

3.   Sentencing Guidelines

The parties will take the following positions at sentencing under the United States Sentencing Guidelines:

   (a)  Defendant admits, and the government agrees, that Defendant is responsible for approximately 2.75 kilograms of MDMA ("ecstasy") and is therefore subject to a base offense level of 32 pursuant to USSG §2D1.1(c)(4);

   (b)  The parties will take the position that Defendant should receive a three-level increase in his offense based on his role in the offense pursuant to U.S.S.G. §§ 3B1.1(b).

   (c)  The government will take the position that, based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the Court should reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

    (a)    fails to admit a complete factual basis for the plea;

    (b)    fails to truthfully admit his conduct in the offense of conviction;

    (c)    falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

    (d)    fails to provide truthful information about his financial status;

    (e)    gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

    (f)    engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

    (g)    intentionally fails to appear in Court or violates any condition of release;

    (h)    commits a crime; or

    (i)    attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to USSG §3C1.1 if Defendant obstructs justice after the date of this Agreement.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

    (a)  a term of imprisonment at the low end of the guideline imprisonment range, but not below any minimum mandatory term of imprisonment;

    (b)  a fine within the applicable guideline fine range unless the court finds pursuant to USSG §5E1.2(e) that Defendant is not able and, even with the use of a reascnable installment schedule, is not likely to become able to pay a fine;

    (c)  a mandatory special assessment of $100.00; and

    (d)  a term of supervised release within the applicable range as determined by the Court at the time of sentencing.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines except as explicitly reserved below.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves the right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Cooperation</u>

a. <u>Terms of Cooperation</u>

Defendant agrees to cooperate fully with law enforcement agents and government attorneys. He must provide complete and truthful information to all law enforcement personnel. If his testimony is requested, he must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant

must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information. He must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, he must furnish all documents, objects and other evidence in his possession, custody or control that are relevant to the government's inquiries.

Defendant understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged. To facilitate his cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Defendant or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

    b.    <u>Substantial Assistance Motion</u>

In the event that Defendant provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will make a motion under U.S.S.G. § 5K1.1, and, if the U.S. Attorney determines it to be appropriate, 18 U.S.C. § 3553(e), so that the sentencing court may impose a sentence below that which otherwise would be required under the Sentencing Guidelines and the relevant statutes. The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S.G. § 5K1.1 if Defendant violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 6(a)

above, or engages in any criminal conduct after the date he signs this Agreement. The U.S. Attorney reserves the right, in his sole discretion, to file a motion under U.S.S.G. § 5K1.1 but not under 18 U.S.C. § 3553(e). Defendant may not withdraw his plea if the U.S. Attorney determines that Defendant has not rendered substantial assistance, if the U.S. Attorney determines to file a motion under U.S.S.G. § 5K1.1 but not under 18 U.S.S.G. § 3553(e), or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

    c. <u>Sentence Recommendation with Substantial Assistance</u>

If Defendant provides substantial assistance, subject to all the provisions of paragraphs 6(a) and (b) above, the U.S. Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by Defendant.

The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Defendant's sentencing.

    d. <u>Letter Immunity</u>

In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to the proffer letter dated January 12, 2004, or this Agreement (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached

this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against him in the District of Massachusetts, including, but not limited to, false statements and perjury.

7. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

8. <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

9. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

10. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

12. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral, except for the proffer letter dated January 14, 2004. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the

Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney William D. Weinreb.

        Very truly yours,

        MICHAEL J. SULLIVAN
        United States Attorney

By: _____
        JAMES B. FARMER
        Assistant U.S. Attorney
        Chief, Criminal Division

        STEPHEN P. HEYMANN
        Assistant U.S. Attorney
        Deputy Chief, Criminal Division

        WILLIAM D. WEINREB
        Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

JUAN MONTERO
Defendant

Date: 11/17/04

I certify that Juan Montero has had this Agreement read to him in his native language and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

JOHN SALSBERG, ESQ.
Attorney for Defendant
Juan Montero

Date: 11/17/04